UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO PETER JEMISON,

                 Petitioner,                    Civil No. 07-11591
                                                   Honorable David M. Lawson

v.

BLAINE LAFLER,

                 Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

       The petitioner, Antonio Peter Jemison, a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 2004, the petitioner pleaded no contest to assault with intent to murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b(1), in the Wayne County, Michigan circuit court and was sentenced to consecutive prison terms of six years, nine months to ten years and two years for the two crimes.  The petitioner alleges that his plea was not knowing and voluntary, and the trial court imposed an invalid sentence under state law.  The respondent has filed an answer to the petition contending that it should be denied because the involuntary plea claim lacks merit and the sentencing claim is not cognizable upon habeas review.  The Court finds that the petitioner's claims do not warrant habeas relief.  The Court, therefore, will deny the petition.

I.

       The petitioner's convictions arose from a March 22, 2004 incident in Detroit, Michigan in which he fired gunshots into an occupied residence.  On August 2, 2004, the petitioner pleaded no contest to one count of assault with intent to murder and one count of felony firearm in exchange

for the dismissal of five other counts of assault with intent to murder, six counts of felonious assault, and one count of unlawfully discharging a firearm. The plea agreement also called for a minimum sentence within the state sentencing guidelines range. During the plea hearing, the petitioner said that he understood the charges against him and the possible maximum sentences for each charge. He confirmed that he understood the plea and sentencing agreement and that no other promises or threats had been made to him. He also acknowledged that he was giving up certain rights by entering his plea. The parties stipulated to the factual basis for the plea, which came from the investigator's report that indicated that the petitioner armed himself with a handgun and fired one or more shots into an occupied dwelling.

On August 19, 2004, the date set for sentencing, the petitioner moved to withdraw his no contest plea asserting that it was not knowing, intelligent, and voluntary. The petitioner claimed that he did not understand the plea agreement when it was offered to him and he was "overcharged" because a more appropriate charge would have been the lesser offense of felonious assault. The petitioner explained that he did not think that his conduct amounted to attempted murder because no one got hurt, but he did not deny committing the shooting. The trial court denied the petitioner's motion to withdraw his no contest plea. The court then sentenced him within the state sentencing guidelines range, imposing an indeterminate sentence of six years, nine months to ten years imprisonment for the assault conviction and a consecutive prison term of two years for the felony firearm conviction.

The petitioner thereafter filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal for lack of merit in the grounds presented. *See People v. Jemison*, No. 262644 (Mich. App. Aug. 29, 2005) (unpublished). The Michigan Supreme Court

-2-

denied the petitioner's application for leave to appeal in a standard order.  *See People v. Jemison*, 474 Mich. 1026, 708 N.W.2d 409 (2006).

The petitioner's habeas corpus petition was timely filed.  As noted above, he seeks habeas relief on two grounds: that his plea was not knowing, intelligent, and voluntary; and his sentence is invalid under state law.  These claims were fairly presented to the Michigan appellate courts.  The respondent opposes the petition, contending that the claims lack merit and do not warrant federal habeas corpus relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.

-3-

1998).  Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable."  *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case."  *Id.* at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .

-4-

> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11; *see also Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### A.

The petitioner first asserts that he is entitled to habeas relief because his no contest plea was not knowing, intelligent, and voluntary. "A guilty or no-contest plea involves a waiver of many substantial constitutional rights, *see Boykin v. Alabama*, 395 U.S. 238, 243 (1969), and a court may accept a guilty or no-contest plea only where it is a 'voluntary [,] . . . knowing, intelligent act [ ] done with sufficient awareness of the relevant circumstances and likely consequences,' *see Brady v. United States*, 397 U.S. 742, 748 (1970)." *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008). The guilty plea must be supported by "an affirmative showing that it was intelligent and voluntary." *Boykin*, 395 U.S. at 242. The Sixth Circuit has observed that:

> [a] plea is valid if it is entered voluntarily and intelligently as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). The constitution requires the circumstances to reflect that the defendant was informed of all the direct consequences of his plea. *Id.* A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charges against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

*United States v. Ormsby*, 252 F.3d 844, 849 (6th Cir. 2001). A showing of intelligence and voluntariness generally is made by the State's production of a transcript of state court proceedings

to establish that the plea was made voluntarily. *McAdoo v. Elo*, 346 F.3d 159, 166 (6th Cir. 2003) (citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993)). The Supreme Court has held that a defendant must have "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, a guilty plea is voluntary if it is made with full knowledge of its direct consequences, and it will stand unless it is made under duress or as a result of threats, misrepresentations, or improper inducements. *Id.* at 755. In addition, the Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is generally bound by his in-court statements regarding his understanding of the plea. *See Ramos v. Rogers*, 170 F.3d 560, 563-64 (6th Cir. 1999).

The record reveals that the petitioner's plea was knowing, intelligent, and voluntary. At the time of his plea, the petitioner was seventeen years old (two weeks shy of his eighteenth birthday), had a twelfth-grade education, and, according to the trial court, "was not unfamiliar" with the criminal justice system. The petitioner was represented by competent legal counsel and conferred with counsel during the plea process. The trial court advised the petitioner of the charges, the possible sentences, and his trial rights, as well as the fact that he would be giving up those rights by entering his plea. The parties discussed the content of the plea and sentencing agreement and the petitioner affirmed that he wished to plead no contest in accordance with that agreement. The petitioner did not indicate that he had any questions about his plea and stated that he wanted the court to accept his plea.

The petitioner asserts that his plea was not knowing, intelligent, and voluntary due to his young age and his lack of experience with the criminal justice system. He seems to argue that no one his age can voluntarily enter such a plea. As the Eighth Circuit aptly noted, "such a rule would

-6-

either prevent young defendants from plea bargaining or strip such pleas of any measure of finality. Either result is unwise, unfair, and without support in the law." *Pennington v. Housewright,* 666 F.2d 329, 332 (8th Cir. 1981) (the fact that the habeas petitioner was sixteen years old when he pleaded guilty did not by itself render his plea involuntary). Moreover, the record indicates that the petitioner was nearly eighteen years old and had a high school education at the time of his plea, counsel advised him about the plea, the trial court explained the terms of the plea agreement and its consequences, and the petitioner confirmed his understanding of the proceedings and his desire to enter his no contest plea. Given such circumstances, the fact that the petitioner was young and relatively inexperienced does not render his plea involuntary.

The petitioner also argues that his plea was not knowing, intelligent, and voluntary because prior to his plea, he told an investigator: "I did not have a gun. Why would I shoot anybody?" He suggests, therefore, that there was an insufficient factual basis for the plea. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A perceived violation of this state procedural rule, however, does not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, the Supreme Court has made clear that, as a matter of federal constitutional law, a factual basis for a guilty plea need not be established for a state court to accept it. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime"). As the

-7-

Supreme Court explained in *Alford*, although the federal courts are required by Rule 11 of the Federal Rules of Criminal Procedure to establish a factual basis for any guilty or no contest plea, the Constitution imposes no such requirement upon the States.  *Id.* at 38 & n.11; *see also Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975) (holding that "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea"); *United States v. McGlockin*, 8 F.3d 1037, 1047 (6th Cir. 1993), *overruled on other grounds by Custis v. United States*, 511 U.S. 485 (1994) (stating that the failure of a state trial judge to conduct an on-the-record inquiry into the factual basis for a plea is not a basis for habeas relief).

The Supreme Court also has stated that

[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.

*United States v. Broce*, 488 U.S. 563, 569 (1989).

Having reviewed the state court record in this case, the Court is satisfied that the petitioner's no contest plea meets these requirements.  Furthermore, a sufficient factual basis was placed on the record during the plea hearing when the defense stipulated to the portion of the investigator's report that stated that the petitioner armed himself with a gun and fired at an occupied dwelling.  Even at the plea withdrawal and sentencing hearing, the petitioner did not deny that he possessed or fired a gun during the incident.  The fact that he previously may have denied involvement in the crime does not invalidate his plea.

-8-

Lastly, the petitioner asserts that he did not understand his plea and claims that he was overcharged.  However, the trial court specifically informed the petitioner of the charges during the plea hearing and the petitioner confirmed that he wanted to plead no contest to one count of assault with intent to murder and one count of felony firearm.  The state trial court's plea colloquy remedied any misconceptions that the petitioner may have had about his plea or its consequences.  *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).  The fact that the petitioner subsequently was dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary.  *See Brady*, 397 U.S. at 757.  Additionally, a mere assertion of innocence or the recantation of a guilty or no contest plea, absent a substantial supporting record, is insufficient to overturn a plea even on direct appeal.  *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996).

Having carefully reviewed the record, the Court is satisfied that the petitioner's no contest plea was knowing, intelligent, and voluntary.  The state court's denial of relief on this claim is fully consistent with federal law.  Habeas relief is not warranted on this claim.

B.

The petitioner also asserts that he is entitled to habeas relief because the trial court imposed "an invalid sentence that violated the 2/3 rule based on the Michigan Supreme Court's ruling in *People v. Tanner* and MCL 769.34(2)(b)."  The respondent contends that this claim is not cognizable upon habeas review and does not warrant relief.  This Court agrees.  It is well established that "federal habeas corpus relief does not lie for errors of state law."  *Estelle*, 502 U.S. at 67.  The petitioner's challenge to his sentence only raises an issue under state law, which this Court cannot

-9-

address in a habeas corpus proceeding. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Moreover, the petitioner has not demonstrated that his sentence is improper under state law. The relevant statute provides that a sentencing court "shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the *statutory maximum* sentence." Mich. Comp. Laws § 769.34(2)(b) (emphasis added). The statutory maximum for assault with intent to murder is life imprisonment. *See* Mich. Comp. Laws § 750.83. Thus, the petitioner's minimum sentence of six years, nine months does not violate the 2/3 rule. In fact, the Michigan Supreme Court has ruled that Mich. Comp. Laws § 769.34 does not apply when a defendant is convicted of an offense punishable by a prison sentence of "life or any term of years" because the minimum sentence will never exceed 2/3 of the statutory maximum. *See People v. Harper*, 479 Mich. 599, 617 n.31, 739 N.W.2d 523, 534 n.31 (2007) (citing *People v. Drohan*, 475 Mich. 140, 162 n.14, 715 N.W.2d 778, 790 n.14 (2006)); *People v. Powe*, 469 Mich. 1032, 679 N.W.2d 67 (2004). Because the petitioner was convicted of assault with intent to murder, an offense punishable by life or any term of years, the 2/3 rule is inapplicable to his sentence. And even if the state court violated state law in sentencing him, the petitioner is not entitled to relief from this Court. *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice.") (internal citation omitted). The trial court sentenced him to a minimum sentence within the state sentencing guidelines range as called for by the plea agreement. Habeas relief is not warranted on this claim.

-10-

III.

The petitioner has not shown that he is presently in custody in violation of the Constitution or laws of the United States.  Therefore, the petitioner has not established his right to relief under 28 U.S.C. § 2254(d).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 31, 2008


**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 31, 2008.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI